FILED
United States Court of Appeals
Tenth Circuit

September 29, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

NORMA LETICIA
GALINDO-GONZALEZ,

Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

Respondent.

No. 09-9507
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, Chief Judge, **BRORBY**, Senior Circuit Judge, and **HARTZ**, Circuit Judge.

---

Norma Leticia Galindo-Gonzalez petitions for review of an order of the

Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ)

denial of her application for cancellation of removal, pursuant to 8 U.S.C.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§ 1229b(b).  Respondent asserts that 8 U.S.C. § 1252(a)(2)(B) deprives this court of jurisdiction to review the agency's determination.  We agree and therefore we must dismiss the appeal.

**Background**

Ms. Galindo-Gonzalez is a native and citizen of Mexico who entered the United States without inspection in 1991.  She conceded that she is a removable alien, but requested the relief of cancellation of removal for nonpermanent residents under 8 U.S.C. § 1229b(b).  Under that section, the Attorney General may cancel removal of an alien who is inadmissible or deportable from the United States if the alien satisfies four criteria:  (1) she has been physically present in the United States for a continuous period of not less than ten years immediately preceding the date of her application; (2) she has been a person of good moral character during that period; (3) she has not been convicted of certain offenses; and (4) "removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence."  8 U.S.C. § 1229b(b)(1). The IJ concluded that Ms. Galindo-Gonzalez met the first three criteria. Ms. Galindo-Gonzalez asserted that she also met the fourth, because her removal to Mexico would result in exceptional and extremely unusual hardship to her two minor sons, both of whom are United States citizens.  The children, aged 15 and 9, are qualifying relatives under § 1229b(b)(1)(D).  The IJ determined that although

the children would endure hardship if they relocated to Mexico, the hardship did not rise to the level required by the statute. Consequently, the IJ denied the application for cancellation of removal.

On administrative appeal, the BIA found no reason to reverse the IJ's decision on the hardship issue. It also rejected Ms. Galindo-Gonzalez's claim that her return to Mexico would result in family separation because she had not sufficiently substantiated this claim. Accordingly, the BIA dismissed the appeal.

Ms. Galindo-Gonzalez now appeals to this court, contending that the agency erred as a matter of law because it failed to follow its own case law and because it ignored the testimony of her expert witness, an anthropologist who testified about the difficult conditions existing in Ms. Galindo-Gonzalez's home town.

**Analysis**

The threshold issue is whether this court has jurisdiction to review the BIA's decision to deny Ms. Galindo-Gonzalez's application for cancellation of removal. *See Sabido Valdivia v. Gonzales*, 423 F.3d 1144, 1147 (10th Cir. 2005). The Immigration and Nationality Act provides that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1229b." 8 U.S.C. § 1252(a)(2)(B). The term "judgment" as used in this subsection is construed "as referring to the discretionary aspects of a decision concerning cancellation of removal." *Arambula-Medina v. Holder*, 572 F.3d 824, 828 (10th Cir. 2009); *accord Sabido Valdivia*, 423 F.3d at 1148 (holding that

§ 1252(a)(2)(B)(i) bars appellate review of the discretionary aspects of a BIA decision concerning cancellation of removal). "[T]he hardship issue is a matter of discretion." *Morales Ventura v. Ashcroft*, 348 F.3d 1259, 1262 (10th Cir. 2003). In contrast, this court has jurisdiction to review "constitutional claims" and "questions of law." *Arambula-Medina*, 572 F.3d at 828 (quoting 8 U.S.C. § 1252(a)(2)(D)).

Ms. Galindo-Gonzalez has framed her appellate issues as errors of law, contending that the BIA failed to follow its own case law and ignored the anthropologist's testimony. In *Arambula-Medina*, this court rejected the petitioner's attempt to characterize as a constitutional claim his "assertion that the IJ and BIA failed to apply what he characterizes as controlling BIA precedent and regulations." *Id.* at 829. Similarly, Ms. Galindo-Gonzalez's claim that the BIA failed to following its controlling precedent is not a constitutional or legal claim giving rise to appellate jurisdiction.

We turn to Ms. Galindo-Gonzalez's argument that the agency committed an error of law by ignoring the anthropologist's evidence. The IJ considered and credited this evidence. *See* Admin. R. at 61-62. Ms. Galindo-Gonzalez disagrees with the IJ's determination that the anthropologist's testimony was insufficient to demonstrate the requisite hardship to her children. A disagreement over a factual finding is insufficient to invoke this court's jurisdiction. *See Arambula-Medina*, 572 F.3d at 828 ("Recasting challenges to factual determinations as due process or

-4-

other constitutional claims . . . is clearly insufficient to give this Court jurisdiction under § 1252(a)(2)(D)." (quotations and alteration omitted)).

## Conclusion

Because this court lacks jurisdiction over the issues presented, the appeal is DISMISSED.

Entered for the Court


Wade Brorby
Senior Circuit Judge