FILED
United States Court of Appeals
Tenth Circuit

**February 26, 2010**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BERTOLDO DE LA CRUZ
ZACARIAS; LUCILA DE LA CRUZ,

    Petitioners,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

    Respondent.

Nos. 08-9575 and 09-9527
Petition for Review

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **SEYMOUR**, and **LUCERO**, Circuit Judges.

---

In this consolidated case, Petitioners Bertoldo De La Cruz Zacarias and

Lucila De La Cruz seek review of  a final removal order of the Board of

Immigration Appeals (BIA), denying their applications for cancellation of

removal, and the BIA's denial of their motion to reopen.  We exercise jurisdiction

under 8 U.S.C. § 1252(a) to deny in part the petition to review the applications

because the BIA correctly applied its own precedent, but we dismiss the

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

remainder of the petition for lack of jurisdiction over the BIA's discretionary decisions. Similarly, we deny in part the petition to review the motion to reopen because the BIA considered Petitioners' new evidence, but we dismiss in part for lack of jurisdiction.

Background

Petitioners are Mexican citizens married to each other, living in the United States with their three minor children. Certified Administrative Record (CAR), No. 08-9575, at 49, 51. According to Petitioners, they entered the United States without inspection in 1991. Id. at 81-82. Petitioner Zacarias returned to Mexico for brief periods in 1995, 1997, and 2001. Id. at 52. His 1995 trip to Mexico was precipitated by his December 1995 arrest outside his workplace in Colorado. Id. at 129. Federal immigration authorities detained Mr. Zacarias and offered him the option of voluntary departure instead of contesting his immigration case. Id. at 130. Spanish-speaking immigration officers informed Mr. Zacarias that contesting his case could result in extended detention and being subject to removal for ten years. Id. at 133-35. Mr. Zacarias completed and signed a Record of Sworn Statement (in English and Spanish) that advised him of his rights and sought personal information. Id. at 233-38. Mr. Zacarias also signed a Notice of Rights and a Request for Disposition (both printed in Spanish) agreeing to his voluntary departure. Id. at 241-44. Mr. Zacarias contends that he illegally

reentered the United States within days of his voluntary departure.  Id. at 81-82, 164.

Petitioners filed affirmative applications for asylum in 2002.  Id. at 674-89. The Immigration and Naturalization Service brought removal proceedings against Petitioners, alleging that they were subject to removal as aliens present in the United States without being admitted or paroled under the Immigration and Nationality Act (INA) § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i).  Before an immigration judge (IJ) in 2003, Petitioners admitted the factual allegations, conceded that they were subject to removal, designated Mexico as their country of removal, withdrew their applications for asylum, and obtained the court's leave to apply for cancellation of removal under INA § 240A(b)(1), 8 U.S.C. § 1229b(b)(1).  CAR, No. 08-9575, at 80-84.  Following a change of venue to Colorado and two continuances, id. at 87-88, 91, 152-53, an IJ held the final individual hearing in August 2007, id. at 155-222.  At that hearing, the IJ found that Petitioner Zacarias could not satisfy two out of the four requirements for cancellation of removal: the continuous presence and hardship requirements.[1]  Id.

---

[1]The Immigration and Nationality Act allows the Attorney General to cancel an alien's removal order if the alien:

> (A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;

> (B) has been a person of good moral character during such period;

at 49-59. Petitioner De La Cruz could not show sufficient hardship to qualify for cancellation of removal. Id. at 56-59. Therefore, the IJ denied their applications for cancellation of removal, and ordered Petitioners' departure. Id. at 60. Petitioners timely appealed to the Board of Immigration Appeals (BIA). Id. at 38-40. The BIA affirmed. Id. at 2-3.

Petitioners filed a timely petition for review with this court. At the same time, Petitioners moved the BIA to reopen their applications for cancellation of removal, based on new evidence bearing on the hardship to their children. CAR, No. 09-9527, at 12-22. The BIA denied the motion to reopen, id. at 3-4, and Petitioners petitioned this court for review. We granted Petitioners' motion to consolidate the appeals, so we consider both the petition to review the BIA's denial of the applications for cancellation of removal and the petition to review the BIA's denial of the motion to reopen.

## Discussion

A. Cancellation of Removal

---

(C) has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3) of this title, subject to paragraph (5); and

(D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

INA § 240A(b)(1), 8 U.S.C. § 1229b(b)(1).

Our jurisdiction to review the BIA's decisions regarding cancellation of removal is extremely limited. Although "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1229b," 8 U.S.C. § 1252(a)(2)(B)(i), "we have construed the term 'judgment' in this subsection as referring to the discretionary aspects of a decision concerning cancellation of removal." Arambula-Medina v. Holder, 572 F.3d 824, 828 (10th Cir. 2009). "This includes any underlying factual determinations, as well as" the BIA's hardship determination under 8 U.S.C. § 1229b(b)(1)(D). Id. (citation omitted). Despite the jurisdiction stripping in § 1252(a), the subsection preserves our jurisdiction to review "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D).

If we have jurisdiction, we review "the BIA's factual findings for substantial evidence in the record." Rivera-Jimenez v. INS, 214 F.3d 1213, 1216 (10th Cir. 2000). "To obtain reversal of such findings, [P]etitioners must show that the evidence they presented was so compelling that no reasonable factfinder could find as the BIA did." Id. (quotations and alterations omitted). Although we review the BIA's legal conclusions de novo, we accord them deference "unless they are clearly contrary to the statute's language or to congressional intent." Id. "Our review is limited to the decision of the BIA, and not that of the immigration judge." Id.

Petitioners identify four bases for relief. First, they argue that Mr. Zacarias

was continually present in the United States for ten years, as required by 8 U.S.C. § 1229b(b)(1)(A) and defined by 8 U.S.C. § 1229b(b)(2)(B). According to Petitioners, the BIA erroneously treats "any other formal, documented process pursuant to which the alien was determined to be inadmissible to the United States," including voluntary departures, as breaks in an alien's continuous presence. Pet. Br., No. 08-9575, at 14-16 (quoting In re Avilez-Nava, 23 I. & N. Dec. 799, 805-06 (BIA 2005)). Second, they argue that Mr. Zacarias's 1995 departure did not constitute a "formal, documented process" because immigration officials pressed him into a hasty, ill-informed, and less-than-voluntary decision. Id. at 16-21. Third, Petitioners claim, the circumstances surrounding Mr. Zacarias's 1995 departure violated his due process rights. Id. at 21-27. Fourth, the BIA's short discussion of the IJ's hardship determination inadequately addressed Petitioners' arguments, thereby depriving them of due process. Id. at 27-33.

We lack jurisdiction to review all but one of Petitioners' arguments. The first argument is foreclosed because Petitioners failed to present it to the BIA or the IJ. Although we would ordinarily have jurisdiction over the issue because it is a question of law, Petitioners have not identified, and this court's search of the record has not found, any time during the administrative proceedings when Petitioners made this argument. Review of a final order of removal is possible only if the petitioner "has exhausted all administrative remedies available to the

alien as of right." 8 U.S.C. § 1252(d)(1). "The failure to raise an issue on appeal to the Board constitutes failure to exhaust administrative remedies with respect to that question and deprives the Court of Appeals of jurisdiction to hear the matter." Rivera-Zurita v. INS, 946 F.2d 118, 120 n.2 (10th Cir. 1991). Therefore, we cannot consider Petitioners' statutory interpretation argument.

Petitioners' second argument essentially asks the court to review the BIA's findings that Petitioner Zacarias was adequately informed of his rights and voluntarily chose between voluntary departure over deportation proceedings. See CAR, No. 08-9575, at 2-3. This question seems to contain both factual and legal elements. No immigration law cases indicate whether the voluntariness of a departure is a factual matter, over which we would lack jurisdiction. However, in the Fourth Amendment context, "[v]oluntariness is a question of fact." Ohio v. Robinette, 519 U.S. 33, 40 (1996) (internal quotations omitted). Petitioners' argument seems especially fact-bound: they point to the brief advice that Mr. Zacarias received and the rushed circumstances surrounding his signing the Record of Sworn Statement, Notice of Rights, and Request for Disposition. See Pet. Br., No. 08-9575, at 17-19. The BIA's determination of voluntariness turned on the factual record: "Notwithstanding the male respondent's testimony that the paperwork process was 'rushed,' it is clear from the record that the forms he signed informed him in his native language that he was accepting voluntary departure. . . . While the respondent testified . . . that these advisals were not

given, the documentary record suggests otherwise." CAR, No. 08-9575, at 3. The BIA found that "the evidence is consistent with a formal decision . . . finding that he was inadmissible to the United States and granting him voluntary departure in lieu of a formal order of deportation." Id. We lack jurisdiction to review discretionary aspects of the BIA's decision, including these factual questions.

Nonetheless, jurisdiction exists to review "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). But even a review of the questions of law surrounding the 1995 departure is narrow. While we seriously doubt that the BIA's interpretation of the statutory continuous presence requirement is correct, see Rivera-Jimenez, 214 F.3d at 1218, that issue is foreclosed because Petitioners failed to exhaust it below.

The only remaining legal question is whether the BIA correctly applied its precedent in this case. BIA precedent expressly states that "departures under the threat of deportation [break the] continuous physical presence." In re Romalez-Alcaide, 23 I. & N. Dec. 423, 429 (2002). Petitioners acknowledged Romalez in their briefing to this court and to the BIA. Pet. Br., No. 08-9575, at 17-18; CAR, No. 08-9575, at 9-10. The BIA's factual findings indicate that Mr. Zacarias indeed departed under the threat of deportation proceedings. Even though Romalez more squarely applies to this case, the BIA and the IJ also applied Avilez-Nava. See CAR, No. 08-9575, at 3 (citing Avilez-Nava); id. at 53-55

(discussing <u>Avilez-Nava</u>). <u>Avilez-Nava</u> somewhat qualified <u>Romalez</u>: there is no break in continuous physical presence where an alien is turned away from the United States at the border, "unless there is evidence that the alien was . . . subjected to any other formal, documented process pursuant to which the alien was determined to be inadmissible to the United States." <u>Avilez-Nava</u>, 23 I. & N. Dec. at 805-06. Even under <u>Avilez-Nava</u>, Mr. Zacarias's departure constituted a break in his continuous physical presence under either BIA precedent.

Petitioners' third argument restates in due process terms their factual argument that Mr. Zacarias's 1995 departure was less than knowing and voluntary. "Recasting challenges to factual . . . determinations as due process or other constitutional claims, however, is clearly insufficient to give this Court jurisdiction under § 1252(a)(2)(D)." <u>Arambula-Medina</u>, 572 F.3d at 828 (internal citation and quotations omitted). Even if we had jurisdiction to review this claim on the merits, we doubt that Petitioners have shown a violation of "the minimal procedural due process rights" accorded to aliens: the "opportunity to be heard at a meaningful time and in a meaningful manner." <u>Id.</u> (internal citations and quotations omitted).

Similarly, we lack jurisdiction to consider Petitioners' fourth argument, that the brevity of the BIA's written decision deprived Petitioners of their due process rights. Petitioners must allege at least a "*substantial* constitutional issue" in order for this court to retain jurisdiction. <u>Morales Ventura v. Ashcroft</u>, 348 F.3d 1259,

1262 (10th Cir. 2003). While short, the BIA's decision considered and addressed all of Petitioners' arguments, including their arguments regarding the voluntariness of Mr. Zacarias's 1995 departure and the hardship to the family. See CAR, No. 08-9575, at 2-3. Because Petitioners have failed to assert a substantial constitutional issue, we cannot consider this due process argument.

B. Motion to Reopen

This court applies a different standard of review to the denial of a motion to reopen: we review for abuse of discretion. Infanzon v. Ashcroft, 386 F.3d 1359, 1362 (10th Cir. 2004). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." Mickeviciute v. INS, 327 F.3d 1159, 1162 (10th Cir. 2003) (quotations omitted). Like our review of the denial of an application for cancellation of removal, circuit precedent interpreting 8 U.S.C. § 1252(a)(2)(B)(I) sharply limits our jurisdiction. Section 1252(a)(2)(B)(I) "precludes our jurisdiction to review the BIA's denial of a motion to reopen because the alien still has failed to show the requisite hardship." Alzainati v. Holder, 568 F.3d 844, 849 (10th Cir. 2009). However, we still have very narrow jurisdiction to review whether the BIA considered new evidence pertinent to its hardship finding. Id. at 850. "[I]f, in deciding a motion to reopen the BIA credits and considers the new evidence submitted in support of the motion and determines the alien would still not be entitled to a finding of

exceptional and extremely unusual hardship, we cannot review that merits decision even if it takes the form of a denial of a motion to reopen." Id.

In their motion to reopen, Petitioners presented new evidence that their removal would cause hardship to their children. CAR, No. 09-9527, at 19-21. Specifically, their young daughter was recently hospitalized with bloody diarrhea, stomach pains, vomiting, and fever. Id. at 19. Although resolved, the symptoms may return. Id. According to Petitioners, because the nearest hospital to their town in Mexico is two hours away, this new health concern constitutes sufficient hardship to cancel removal. Id. at 19-20. Petitioners also argued that their teenage son's "special gift" for soccer, which he has the opportunity to develop on the varsity squad at Aspen High School, will atrophy in Mexico. Id. at 20. In support of these arguments, Petitioners presented an affidavit from Petitioner Lucila De La Cruz, the daughter's medical records, the family health insurance cards, a newspaper article mentioning the son's soccer goal in one game, and letters from the soccer team manager, their employer, and a neighbor. Id. at 23-112.

After noting the new evidence of the daughter's illness and the son's soccer skills, the BIA denied the motion to reopen for two reasons. First, none of the evidence was relevant to Mr. Zacarias's ineligibility for cancellation of removal because of the break in his continuous presence. Id. at 4. Second, the additional evidence of hardship did not "warrant reopening" of Ms. De La Cruz's eligibility,

- 11 -

apparently because the children "remain generally healthy." Id. Clearly, the BIA "credit[ed] and consider[ed] the new evidence." Alzainati, 568 F.3d at 850. Beyond that question, we lack jurisdiction to review the BIA's hardship determination in its denial of the motion to reopen. Id. at 850.

The petition for review of the cancellation order is DISMISSED in part for lack of jurisdiction with respect to the BIA's discretionary decisions and DENIED in part with respect to Petitioners' continuous presence argument. The petition for review of the motion to reopen is DISMISSED in part for lack of jurisdiction to review the BIA's hardship determination and DENIED in part with respect to whether the BIA's considered the new evidence.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge