FILED
United States Court of Appeals
Tenth Circuit

July 10, 2009

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LUIS ENRIQUE ARAMBULA-
MEDINA,

      Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

      Respondent.

No. 08-9589

---

**PETITION FOR REVIEW FROM AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS**

---

Submitted on the briefs:

Robert Brown, Oklahoma City, Oklahoma, for Petitioner.

Stephen J. Flynn, Assistant Director, Office of Immigration Litigation; Ann M. Welhaf, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

---

Before **KELLY, BRISCOE,** and **HOLMES**, Circuit Judges.

---

**BRISCOE**, Circuit Judge.

---

Petitioner Luis Enrique Arambula-Medina (petitioner) has filed a petition for review seeking review of a final order of the Bureau of Immigration Appeals (BIA) denying his application for cancellation of removal. Respondent has moved to dismiss the petition for lack of jurisdiction. Because we agree with respondent that we lack jurisdiction over petitioner's claims, we grant respondent's motion and dismiss the action.[1]

## I

Petitioner, a native and citizen of Mexico, illegally entered the United States in 1991, at the age of five, along with his mother, Eva Cruz, and two younger brothers, Cesar and Adrian. The family has remained in the United States since that time, and Ms. Cruz, Cesar and Adrian are now lawful permanent residents of the United States. In addition, Ms. Cruz has given birth to three additional children, all of whom are United States citizens. Petitioner, however, remains an illegal alien.

In October 2006, Department of Homeland Security officials initiated removal proceedings against petitioner by filing a Notice to Appear (NTA). The NTA alleged that petitioner was neither a citizen nor national of the United States, was a native and citizen of Mexico, had arrived in the United States in late 1991, and was "not then admitted or paroled after inspection by an Immigration Officer." AR at 403.

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

Petitioner appeared before an Immigration Judge (IJ), conceded the allegations in the NTA, and admitted he was removable as charged. Petitioner also, however, requested discretionary relief in the form of cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1),[2] asserting, in pertinent part, that his "removal would result in exceptional and extremely unusual hardship" to his mother. 8 U.S.C. § 1229b(b)(1)(D). The IJ held a hearing on the matter on August 23, 2007, during which petitioner, his mother, and four additional witnesses testified.

On November 15, 2007, the IJ issued a written decision and order denying

---

[2] Under 8 U.S.C. § 1229b(b):

(1) In general

The Attorney General may cancel removal of, and adjust to the status of an alien lawfully admitted for permanent residence, an alien who is inadmissible or deportable from the United States if the alien –

> (A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;
>
> (B) has been a person of good moral character during such period;
>
> (C) has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227 (a)(3) of this title, subject to paragraph (5); and
>
> (D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

petitioner's application for cancellation of removal. The IJ concluded petitioner had failed to establish that his "removal would result in exceptional and extremely unusual hardship" to his mother, who as a lawful permanent resident was a qualifying relative under 8 U.S.C. § 1229b(b)(1)(D). The IJ noted that petitioner was asserting "that his mother," who was approximately 36 years old, was "dependent upon him for the care of her younger children and, in part, because of her heart condition." AR at 53. The IJ found, however, that "the evidence presented" by petitioner "di[d] not establish a serious health issue" on the part of his mother. Id. at 54. The IJ also determined that, even if petitioner's mother did "suffer[] with a serious health issue, she ha[d] the support of her husband (Gregory Cruz), and sons, Cesar (age 19) and Adrian (age 17) to assist and support her." Id. In this regard, the IJ found that petitioner primarily provided support to his mother "on weekends, which he alternate[d] with []his brother, Cesar, in taking care of his mother's youngest sons, Edwin and Anthony." Id. Lastly, the IJ found:

> Quite frankly, upon reviewing the evidence presented it is the finding of this Court that it is [petitioner] who is dependent upon his mother for support, not his mother, the qualifying relative, who is dependent on him. More specifically, it is [petitioner's] mother who provides him considerable financial support. In fact, [petitioner] testified that his mother had made his last three rental payments as, due to excessive rain fall, he had not been able to mow lawns and work in landscaping. [Petitioner's] financial reliance on his mother was also indicated by his brother, Cesar, and by his girlfriend, Candi Clark, who stated that his mother helped [petitioner] when it was needed. Eva Cruz, in her own testimony, stated that she helps [petitioner] when necessary, as that is something a mother should do. The evidence clearly supports a finding that it is Eva Cruz, the mother, the qualifying relative, who is the source of strength in this family, and it is [petitioner] who is dependent upon her, not she upon him.

4

Id.

In denying petitioner's application, the IJ made three other relevant findings.[3] First, the IJ found that petitioner had "family ties in Mexico," including "two grandmas, aunts and uncles, and several cousins," that "would be of benefit to [him] upon removal to that country." Id. at 55. Second, the IJ found that because petitioner "has a carpenter's degree," "is a certified cabinet maker," "knows something about the electrical trades," and "is good at what he does, winning both state and national recognition for his skills," he possessed "all the requisite skills and knowledge to succeed" in Mexico. Id. Lastly, the IJ found that because Spanish was "the language [petitioner] first heard and spoke" and was the language that petitioner's mother spoke "at home," petitioner "would be able to adequately communicate in Mexico." Id.

Petitioner appealed the IJ's decision to the BIA. On November 24, 2008, a single member of the BIA, acting pursuant to 8 C.F.R. § 1003.1(e)(4), "affirm[ed], without opinion," the IJ's decision. Id. at 2. Petitioner has since filed a timely petition for review with this court.

---

[3] The IJ also noted for the record that petitioner "ha[d] a long way to go in his personal conduct, particularly in regard to his respect for the laws of this nation," having "chose[n] to use cocaine with his friends while in high school." AR at 49. The IJ also expressed concern with petitioner's "demonstrated disrespect for the government of this nation, as well as his demonstrated disrespect to" the IJ himself. Id. In particular, the IJ noted that petitioner acted in an angry and menacing fashion when the IJ explained in open court that petitioner "had not met the requisite hardship standard for the relief he sought . . . ." Id.

5

## II

We must first determine whether we have jurisdiction to review the issues raised by petitioner in his petition. Sabido Valdivia v. Gonzales, 423 F.3d 1144, 1147 (10th Cir. 2005). The Immigration and Nationality Act provides that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1229b." 8 U.S.C. § 1252(a)(2)(B)(i). We have construed the term "judgment" in this subsection as referring to the discretionary aspects of a decision concerning cancellation of removal. Sabido Valdivia, 423 F.3d at 1148-49. This includes any underlying factual determinations, Diallo v. Gonzales, 447 F.3d 1274, 1281 (10th Cir. 2006), as well as the determination of whether the petitioner's removal from the United States "would result in exceptional and extremely unusual hardship" to a qualifying relative under 8 U.S.C. § 1229b(b)(1)(D). Morales Ventura v. Ashcroft, 348 F.3d 1259, 1262 (10th Cir. 2003). We do, however, have jurisdiction to review "constitutional claims" and "questions of law." 8 U.S.C. § 1252(a)(2)(D).

Petitioner, obviously aware of our jurisdictional limitations, has attempted to frame each of the issues asserted in his petition for review in constitutional terms. In particular, petitioner contends that his due process rights were violated because: (1) the IJ made and relied upon erroneous factual findings in denying his request for cancellation of removal; (2) neither the IJ nor the BIA, in reviewing his request, applied controlling BIA precedent or regulation; and (3) the BIA summarily dismissed his appeal "without commenting or otherwise addressing any of the identified issues." Aplt. Br. at 16.

6

These purported due process challenges fail, however, for a fundamental reason. "In order to make out a claim for a violation of due process, a claimant must have a liberty or property interest in the outcome of the proceedings." Dave v. Ashcroft, 363 F.3d 649, 652-53 (7th Cir. 2004). "But in immigration proceedings, a petitioner has no liberty or property interest in obtaining purely discretionary relief . . . ." Id. at 653. "Because cancellation of removal is a form of discretionary relief," petitioner "cannot raise a due process challenge to [the] denial of his application for cancellation of removal." Id. Because aliens do not have a constitutional right to enter or remain in the United States, the only protections afforded are the minimal procedural due process rights for an "opportunity to be heard at a meaningful time and in a meaningful manner." de la Llana-Castellon v. I.N.S., 16 F.3d 1093, 1096 (10th Cir. 1994) (internal quotations omitted). "Beyond this basic protection guaranteed by the Fifth Amendment, any alleged liberty interest must be created by statute or regulation." Aguilera v. Kirkpatrick, 241 F.3d 1286, 1292 (10th Cir. 2001) (citing Velasco-Guitierrez v. Crossland, 732 F.2d 792, 796 (10th Cir. 1984)).

Even assuming, for purposes of argument, that petitioner could invoke due process, we are not persuaded that any of the purported violations he has identified have merit. With respect to his challenge to the IJ's factual findings, petitioner "simply points to the factual findings [he] disagrees with and then claims a due process violation occurred." Martinez-Rodriguez v. Holder, 313 Fed. App'x 154, 156 (10th Cir. 2009) (unpublished). "Recasting challenges to factual . . . determinations as due process or

7

other constitutional claims," however, "is clearly insufficient to give this Court jurisdiction under § 1252(a)(2)(D)."[4] Jarbough v. Att'y Gen. of U.S., 483 F.3d 184, 190 (3d Cir. 2007). The same holds true for petitioner's assertion that the IJ and BIA failed to apply what he characterizes as controlling BIA precedent and regulations. Lastly, the process employed by the BIA in petitioner's case, i.e., of having a single member affirm, without opinion, the IJ's decision, is clearly authorized by regulation. See 8 C.F.R. § 1003.1(e)(4) (authorizing affirmance without opinion). Moreover, petitioner has failed to explain how this procedure could possibly give rise to a due process violation when, as we have clearly held, "[a]n alien has no constitutional right to any administrative appeal at all." Yuk v. Ashcroft, 355 F.3d 1222, 1229 (10th Cir. 2004).

Respondent's motion to dismiss is GRANTED and the petition for review is DISMISSED for lack of jurisdiction.

---

[4] If petitioner were correct in his characterization of the alleged errors as violative of due process, the jurisdictional exception for constitutional errors would end up swallowing the general jurisdictional prohibition barring review of judgments in cancellation of removal proceedings.

8