**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**February 16, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

ANDERSON BENTO,

  Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

  Respondent.

No. 09-9543
(Board of Immigration Appeals)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **SEYMOUR** and **EBEL**, Circuit Judges.

Petitioner Anderson Bento seeks review of the decision of the Board of

Immigration Appeals ("BIA") denying his request for cancellation of removal, see 8

U.S.C. § 1229b(b)(1). We GRANT Bento's application to proceed in forma pauperis.

See 28 U.S.C. § 1915. But because we lack jurisdiction to consider his petition for

---

[*]After examining the parties' briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this petition for review. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

review, see 8 U.S.C. § 1252(a)(2)(B)(i), we DISMISS it.

## I. Background

Bento is a citizen of Brazil who in 1990, at age ten, entered the United States with his mother as a temporary visitor and failed to leave. In 1999, he married a United States citizen; the couple had a daughter in January 2000). Immigration officials detained Bento in September 2008, while he was serving a six-day sentence in California for petty theft, and he has been in immigration officials' custody ever since.

## II. Decision to deny cancellation of removal

Before the Immigration Judge ("IJ"), Bento conceded removability, but requested that his removal be cancelled.

> The Attorney General may cancel removal of, and adjust to the status of an alien lawfully admitted for permanent residence, an alien who is inadmissible or deportable from the United States if the alien—
>
> (A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;
>
> (B) has been a person of good moral character during such period;
>
> (C) has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3) of this title (except in a case described in section 1227(a)(7) of this title where the Attorney General exercises discretion to grant a waiver); and
>
> (D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent resident.

2

8 U.S.C. § 1229b(b)(1). It was Bento's burden to prove that he was eligible for such relief and that such relief should, in the exercise of discretion, be granted. See Garcia v. Holder, 584 F.3d 1288, 1289-90 (10th Cir. 2009) (citing 8 C.F.R. § 1240.8(d)).

After a hearing, the IJ held that, while Bento had been in the United States for at least ten years immediately preceding his application for the cancellation of removal, he failed to meet any of 8 U.S.C. § 1129b(b)(1)'s remaining three requirements for cancellation of removal. A single member of the BIA upheld that determination, based solely upon Bento's failure to establish that his removal would present an exceptional and extremely unusual hardship for his wife and daughter. Bento now seeks review of that decision. "In these circumstances, the BIA's order is the final order under review but we may consult the IJ's opinion to the extent that the BIA relied upon or incorporated it." Hamilton v. Holder, 584 F.3d 1284, 1286 (10th Cir. 2009) (quotation omitted).

This court lacks jurisdiction to review "the discretionary aspects of a decision concerning cancellation of removal," but can consider a constitutional or legal challenge to the BIA's decision. Arambula-Medina v. Holder, 572 F.3d 824, 827-28 (10th Cir. 2009) (applying 8 U.S.C. § 1252(a)(2)(B)(i)), petition for cert. filed, 78 U.S.L.W. 3362 (U.S. Dec. 7, 2009) (No. 09-664); see also Garcia, 584 F.3d at 1289 n.2. Bento, however, fails to assert any legal or constitutional challenge to the BIA determination that he failed to establish that his removal would cause an exceptional and extremely unusual hardship for his wife and daughter. We, therefore, have no jurisdiction to review his petition. See Arambula-Medina, 572 F.3d at 828 (holding appeals court had no jurisdiction to review

3

determination that petitioner's removal would not result in exceptional and extremely unusual hardship to a qualifying relative under 8 U.S.C. § 1229b(b)(1)(D))

## III. Conclusion

We DISMISS Bento's petition for review for lack of jurisdiction.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

4