FILED
United States Court of Appeals
Tenth Circuit

July 2, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EDGAR DIAZ-GARCIA,

Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

Respondent.

No. 09-9564

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Circuit Judge, **TACHA** and **O'BRIEN**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has

determined unanimously that oral argument would not be of material assistance in the

determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The

case is therefore ordered submitted without oral argument.

Petitioner-appellant Edgar Diaz-Garcia, a native and citizen of Mexico, petitions

for review of an order of the Board of Immigration Appeals ("BIA") denying his

application for cancellation of removal. He contends that: (1) the BIA erred in finding

---

[*]This order and judgment is not binding precedent except under the doctrines of
law of the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

that his removal from the United States would not result in exceptional and extremely unusual hardship to his child, who is a United States citizen; and (2) the BIA erred in refusing to regard one of his witnesses as an expert. We DISMISS Mr. Diaz-Garcia's petition in part for lack of jurisdiction and DENY the remainder of his petition.

## I. BACKGROUND

Mr. Diaz-Garcia first entered the United States in 1996 and has, since that time, resided primarily in Victor, Idaho. He has three minor children, two of whom, M.D.M and J.D.M, are United States citizens. On May 9, 2007, the Department of Homeland Security initiated removal proceedings by serving Mr. Diaz-Garcia with a Notice to Appear. Mr. Diaz-Garcia admitted removability, but filed an application for cancellation of removal and requested voluntary departure.

In support of his application for cancellation of removal, Mr. Diaz-Garcia argued that his removal from the United States would result in exceptional and extremely unusual hardship to his United States citizen children.[1] Primarily, he argued that M.D.M. formerly suffered from Post Traumatic Stress Disorder ("PTSD") and that she would be unable to obtain adequate treatment in Mexico should her symptoms recur. Mr. Diaz-

---

[1]Under 8 U.S.C. § 1229b(b)(1), the Attorney General may, in his discretion, cancel removal of an alien who has been continuously present in the United States for ten years, has been a person of good moral character, has not been convicted of certain offenses, and "establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." Only the hardship requirement is at issue in this case.

Garcia sought to establish this hardship through the testimony of Debra Sprague, M.D.M.'s counselor.

Although the Immigration Judge ("IJ") heard and considered Ms. Sprague's testimony, he refused to qualify her as an expert witness. The IJ did, however, rely on Ms. Sprague's testimony in determining that, at the time of the hearing, M.D.M's symptoms had abated. Moreover, the IJ concluded that even if her PTSD recurred, there was no evidence that M.D.M. would require further counseling or psychological care, or that she would be unable to obtain adequate counseling in Mexico should the need arise. Accordingly, the IJ held that Mr. Diaz-Garcia failed to satisfy the hardship requirement for cancellation of removal and denied his application. The IJ did, however, grant Mr. Diaz-Garcia's request for voluntary departure.

On appeal, the BIA determined that "the fact that [M.D.M.] is no longer in therapy, or exhibiting symptoms which could be attributed to PTSD, leads to the conclusion that the disorder, if present, is currently asymptomatic." Furthermore, the BIA found no error in the IJ's decision not to qualify Ms. Sprague as an expert witness. Accordingly, the BIA affirmed the IJ's decision and dismissed Mr. Diaz-Garcia's appeal. Mr. Diaz-Garcia now seeks review of the BIA's decision.

## II. DISCUSSION

Under 8 U.S.C. § 1252(a)(2)(B)(i), "no court shall have jurisdiction to review any judgment regarding the granting of relief under section . . . 1229b." We have construed this provision as barring our review of only discretionary aspects of a decision regarding

cancellation of removal.  *Sabido Valdivia v. Gonzales*, 423 F.3d 1144, 1149 (10th Cir. 2005).  Furthermore, we have specifically held that such discretionary aspects include "the determination of whether the petitioner's removal from the United States would result in exceptional and extremely unusual hardship to a qualifying relative under 8 U.S.C. § 1229b(b)(1)(D)."  *Arambula-Medina v. Holder*, 572 F.3d 824, 828 (10th Cir. 2009) (internal quotations omitted); *see also Alzainati v. Holder*, 568 F.3d 844, 850 (10th Cir. 2009) ("If the BIA decides, in an exercise of agency discretion, an alien has not produced sufficient evidence to warrant a finding of exceptional and extremely unusual hardship, we cannot review that decision.").

We retain jurisdiction to review constitutional claims and questions of law involving statutory construction that relate to a cancellation of removal decision.  8 U.S.C. § 1252(a)(2)(D); *see also Alzainati*, 568 F.3d at 850.  An alien may not, however, simply style claims as constitutional or as raising questions of law in order to overcome our jurisdictional bar.  *Id*, at 850–51; *see also Arambula-Medina*, 572 F.3d at 828. Nevertheless, that is precisely what Mr. Diaz-Garcia attempts to accomplish in his petition for review.

Although Mr. Diaz-Garcia repeatedly states that his claim that the BIA erred in its undue hardship determination raises questions of statutory construction and the application of legal standards, the substance of his argument attacks only the BIA's weighing of the evidence and its application of prior BIA precedent.  Indeed, Mr. Diaz-Garcia primarily argues that the BIA failed to consider or recognize the import of certain

- 4 -

pieces of evidence and that the BIA's decision is inconsistent with prior decisions from the agency. As we have noted, however, an alien may not overcome our jurisdictional bar "by arguing that the evidence was incorrectly weighed, insufficiently considered, or supports a different outcome." *Alzainati*, 568 F.3d at 850-51. Nor can an alien obtain review in this court by arguing that the "BIA failed to apply what he characterizes as controlling BIA precedent and regulations." *Arambula-Medina*, 572 F.3d at 829. Accordingly, we lack jurisdiction to consider whether the BIA erred in finding that Mr. Diaz-Garcia's daughter would not suffer exceptional and extremely unusual hardship if Mr. Diaz-Garcia were removed from the United States.

We now turn to Mr. Diaz-Garcia's claim that the IJ and the BIA erred in not qualifying Ms. Sprague as an expert witness. To the extent Mr. Diaz-Garcia is arguing that by not qualifying Ms. Sprague as an expert the BIA gave insufficient weight to her testimony, we lack jurisdiction to review this claim. *Alzainati*, 568 F.3d at 850–51 ("[A]n alien does not . . . avoid[] the jurisdictional bar by arguing that evidence was incorrectly weighed."). To the extent he is arguing that this evidentiary ruling prevented him from fairly presenting evidence on his own behalf, his argument is without merit.

An alien has a general right to present evidence on his own behalf at a cancellation of removal hearing. *See* 8 U.S.C. § 1229a(b)(4)(B) ("In proceedings under this section . . . the alien shall have a reasonable opportunity to . . . present evidence on the alien's own behalf."). Evidentiary rules, however, are not strictly applied in immigration hearings. *N-A-M v. Holder*, 587 F.3d 1052, 1057 (10th Cir. 2009). Rather, when examining the

BIA's evidentiary rulings, "[t]he pivotal question . . . is whether the ruling frustrated the alien's reasonable opportunity to present evidence on his own behalf." *Kholyavskiy v. Mukasey*, 540 F.3d 555, 565 (7th Cir. 2008).

Although the IJ refused to qualify Ms. Sprague as an expert, he allowed her to testify at length, he gave considerable weight to her testimony, and he even relied on her testimony in determining that M.D.M. no longer suffered from symptoms of PTSD. Furthermore, the BIA also gave "considerable and appropriate" weight to Ms. Sprague's testimony. Thus, the IJ's refusal to qualify Ms. Sprague as an expert and the BIA's affirmation of that decision did not interfere with Mr. Diaz-Garcia's right to present evidence on his own behalf.

## III.  CONCLUSION

For the foregoing reasons, we DISMISS Mr. Diaz-Garcia's petition in part for lack of jurisdiction and we DENY the remainder of his petition.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge