**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 29, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ALEJANDRO TORRES-PACHECO,

Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

Respondent.

No. 10-9510

---

### ORDER AND JUDGMENT[*]

---

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

Alejandro Torres-Pacheco[1] petitions for review of a Board of Immigration

Appeals (BIA) order dismissing his appeal of the denial by an immigration judge

(IJ) of his application for cancellation of removal. Exercising jurisdiction under

8 U.S.C. § 1252 to review his legal claims, we deny them. We dismiss for lack of

jurisdiction his other claims with respect to the BIA's denial of cancellation.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]Because the parties refer to him as Mr. Torres, we do the same.

## I.  BACKGROUND

Mr. Torres, a Mexican citizen, illegally entered the United States in 1992 or 1993.  He and his wife have two children, both of whom were born in the United States.

On July 24, 2007, the Department of Homeland Security (DHS) commenced removal proceedings against Mr. Torres.  He conceded removability, but requested cancellation of removal under 8 U.S.C. § 1229b(1).  An alien is eligible for cancellation if he:

> (A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;
> (B) has been a person of good moral character during such period;
> (C) has not been convicted of [certain cross-referenced offenses,] and
> (D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

8 U.S.C. § 1229b(1).  The decisive issue before the IJ was whether Mr. Torres had satisfied requirement (D).  He contended that his removal would result in exceptional and extremely unusual hardship to his child Alexa, who was born in 2007.

At the removal hearing Mr. Torres testified that Alexa suffered from a number of ailments.  First, she was born with a misshapen head.  Her treatment was to wear a helmet that gradually molded her head into the proper shape.  The treatment was nearing its completion by the date of the hearing.  In addition, she

suffered bouts of conjunctivitis and bronchiolitis in 2008, although both were successfully treated. Also in 2008, she suffered a seizure, which was diagnosed as caused by fever from a urinary-tract infection. Finally, she was diagnosed with iron-deficiency anemia, treated with iron and Vitamin C supplements.

Mr. Torres testified that he would bring his family with him to Mexico if he were deported. He feared, however, that his daughter would not receive adequate medical care in Mexico because he would not be able to afford the care there.

The IJ ruled that Mr. Torres had failed to establish that his removal would result in exceptional and extremely unusual hardship to Alexa. He said that some economic hardship was expected in most removal cases, and Mr. Torres's situation was not exceptional or unusual. Addressing Alexa's specific medical issues, the IJ found that her conjunctivitis, bronchiolitis, and urinary-tract infection appeared to be singular events, and that there was no evidence that the seizure she suffered was part of a recurring problem. Further, the IJ observed that her helmet was about to be removed after having successfully reformed her misshapen head. The IJ determined that nothing in the record demonstrated that she would be unable to obtain adequate medical care in Mexico.

Mr. Torres appealed the IJ's decision to the BIA. The BIA dismissed the appeal, agreeing with the IJ that Mr. Torres had failed to establish that Alexa would suffer exceptional and extremely unusual hardship if he were removed.

Mr. Torres petitions this court for review, claiming that the IJ used the incorrect legal standard and that the BIA misperceived the evidence and misapplied the facts to the law. The Attorney General contends that 8 U.S.C. § 1252(a)(2)(B)(i) deprives this court of jurisdiction to review the BIA's decision and asks for dismissal of Mr. Torres's petition.

## II. DISCUSSION

"The Immigration and Nationality Act provides that 'no court shall have jurisdiction to review any judgment regarding the granting of relief under section 1229b.'" *Arambula-Medina v. Holder*, 572 F.3d 824, 828 (10th Cir. 2009) (quoting 8 U.S.C. § 1252(a)(2)(B)(i)) (ellipses omitted). We have construed this jurisdictional bar to encompass "discretionary aspects of a decision concerning cancellation of removal," including underlying factual determinations and determinations of whether removal would result in sufficient hardship under 8 U.S.C. § 1229b(b)(1)(D). *Id.* Thus, to the extent that Mr. Torres argues that the evidence was incorrectly weighed, was insufficiently considered, or supports a different outcome, we do not have jurisdiction over his claims. *See Alzainati v. Holder*, 568 F.3d 844, 850 (10th Cir. 2009). In particular, we cannot review the issues raised in Part II of Mr. Torres's brief, which relate to alleged "erroneous factual determinations." Pet'r Br. at 22.

Mr. Torres attempts to avoid the jurisdictional bar, however, by characterizing some claims as alleging "legal error"—namely, the IJ's use of

incorrect standards in reviewing his request for cancellation. *Id.* at 18. He relies on the exception to the jurisdictional bar for "questions of law." 8 U.S.C. § 1252(a)(2)(D). We are not persuaded.

Mr. Torres's first "legal" claim is that the IJ improperly required him to show that his removal would be "unconscionable." Pet'r Br. at 17. But both the IJ and the BIA stated the proper governing standard—"exceptional and extremely unusual hardship." Cert. Admin. R. at 2, 107. At no point did either indicate that he was required to show that removal would be "unconscionable."

Second, Mr. Torres claims that the IJ improperly required him to show that Alexa had a "propensity to becoming ill." Pet'r Br. at 17 (internal quotation marks omitted). But the IJ was not inventing a new legal standard. Rather, he was assessing Alexa's medical history in order to determine whether she would suffer "exceptional and extremely unusual hardship" if she accompanied Mr. Torres to Mexico. A propensity to illness could be a factor in showing exceptional circumstances that would otherwise be absent.

Third, Mr. Torres asserts that the IJ stated that he "'would merit relief in the exercise of discretion,'" *id.* at 18 (quoting Cert. Admin. R. at 108), yet did not afford him relief. But discretion can be exercised only if the alien is *eligible* for cancellation of removal.

Fourth, Mr. Torres claims that the IJ failed to evaluate the *future* hardship that Mr. Torres's daughter would suffer if Mr. Torres was removed. *See* 8 U.S.C.

§ 1229b(b)(1)(D) (stating that the alien must "establish[] that removal *would result* in exceptional and extremely unusual hardship to the alien's . . . child" (emphasis added)); *Figueroa v. Mukasey*, 543 F.3d 487, 497 (9th Cir. 2008).  But the IJ did evaluate the evidence of Alexa's future medical condition.  The IJ properly went on to analyze whether her condition would pose an exceptional and extremely unusual hardship for her in Mexico.

Finally, Mr. Torres has not shown that the rulings of the BIA and IJ were so inconsistent with BIA or court precedent as to constitute errors of law.

## III.   CONCLUSION

The petition for review of the cancellation order is DENIED with respect to Mr. Torres's "legal" arguments.  We DISMISS for lack of jurisdiction his remaining arguments with respect to the BIA's hardship determination.  We GRANT Mr. Torres's motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge