NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4723
_____

ALEYDA ANDRICKSON,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

Respondent
_____

On Petition for Review of a Final Order
of the Board of Immigration Appeals
Immigration Judge:  Honorable Frederic G. Leeds
(No. A036-687-635)
_____

Submitted Under Third Circuit LAR 34.1(a)
June 23, 2011
_____

Before:  BARRY, AMBRO, and VAN ANTWERPEN, Circuit Judges

(Opinion filed June 27, 2011)
_____

OPINION
_____

AMBRO, Circuit Judge

Aleyda Andrickson, a legal permanent resident, was charged with removability

after being convicted of bank fraud and related offenses.  The Immigration Judge denied

her application for cancellation of removal and the Board of Immigration Appeals dismissed her appeal. She petitioned us for review. We now deny that petition.

I.

Andrickson, a citizen of the Dominican Republic, entered the United States as a lawful permanent resident in January 1979. In July 2006, she was convicted for conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and bank fraud, in violation of 18 U.S.C. §§ 1344 and 2, for using her position as a bank teller to cash checks drawn on the United States Treasury bearing forged endorsements and signatures. She was sentenced to one year probation and ordered to pay restitution in the amount of $197,350. Subsequently, she was charged with being removable for having committed a crime of moral turpitude.

At a hearing before an Immigration Judge ("IJ"), Andrickson admitted the factual allegations contained in the notice to appear, and conceded removability. She then filed an application for cancellation of removal available to certain permanent residents pursuant to 8 U.S.C. § 1299b. However, that section specifically exempts from eligibility those aliens who have been convicted of an aggravated felony. 8 U.S.C. § 1101(a)(43)(M) defines an aggravated felony as "an offense that . . . involves fraud or deceit in which the loss to the victim or victims exceeds $10,000." Although Andrickson conceded that her convictions involved fraud or deceit, she asserted that the Government could not meet its burden of establishing that the loss to the victim, J.P. Morgan Chase, exceeded $10,000. In November 2007, the IJ asked for documentation so that he could determine whether her conviction qualified as an aggravated felony. When he had not

2

received the materials by the following January, the IJ set a hearing for September 2008. However, in July of that year, before the hearing could take place, the IJ denied Andrickson's application for cancellation of removal, finding that she had been convicted of an aggravated felony and was not statutorily eligible for cancellation of removal. The IJ determined that there was no need to depart from the record of conviction, which indicated that Andrickson was ordered to pay restitution of $197,350, the total loss to the victim, and well in excess of $10,000. Andrickson appealed. In November 2009, the Board of Immigration Appeals ("BIA") dismissed Andrickson's appeal. She now challenges before us the BIA's decision.

II.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). Because the BIA issued a decision on the merits, we review its decision, and not that of the IJ. *Sheriff v. Att'y Gen.*, 587 F.3d 584, 588 (3d Cir. 2009). We review the BIA's legal determinations *de novo*, subject to the principles of deference articulated in *Chevron v. Natural Resources Defense Council*, 467 U.S. 837 (1984). *Pierre v. Attorney General of the United States*, 528 F.3d 180, 184 (3d Cir. 2008) (en banc).

Andrickson does not contest that her offense involved fraud or deceit, as specified by the first prong of § 1101(a)(43)(M). Rather, she contends that BIA erred in upholding the IJ's finding that the loss amount to J.P. Morgan Chase exceeded $10,000.

More specifically, Andrickson makes three arguments in her petition for review. First, she asserts that the IJ and the BIA failed to apply the correct standard of review—clear and convincing evidence—in concluding that the loss amount exceeded $10,000.

3

We are not persuaded. The Government was not required to prove that Andrickson was an aggravated felon by any quantum of proof. Rather, because she had conceded her removability, it was her burden to show that she was not. 8 U.S.C. § 1229a(c)(4)(A) ("An alien applying for relief or protection from removal has the burden of proof to establish that the alien . . . satisfies the applicable eligibility requirements).

Second, Andrickson argues that the BIA erred by making *de novo* findings of fact. Again, we disagree. As the BIA recognized, it reviews the IJ's finding of facts under the "clearly erroneous" standard, but reviews questions of law *de novo*. *See* 8 C.F.R. § 1101(a)(43)(M). The determination of whether Andrickson's conviction is an aggravated felony is a question of law. Thus, the BIA did not err in reviewing this question *de novo*. The fact that the BIA mentioned the pre-sentence report, which the IJ did not reference in its decision, as providing further support for the IJ's conclusion that the loss amount exceeded $10,000 does not mean that it engaged in impermissible factfinding. *See, e.g., Wallace v. Gonzales*, 463 F.3d 135, 140-41 (2d Cir. 2006) (noting that "a review of the factual record by the BIA does not convert its discretionary determination as to whether a petitioner warrants an adjustment of status into improper factfinding").

Finally, Andrickson argues that the IJ violated her right to due process by denying her cancellation of removal prior to affording her a hearing and allowing her to testify. This argument also fails. Although our Court has not squarely addressed this question, we are not convinced that Andrickson has a liberty or property interest in discretionary relief from removal. *See, e.g., Arambula-Medina v. Holder*, 572 F.3d 824, 828 (10th Cir.

4

2009) (holding that there is no liberty or property interest in the outcome of an application for cancellation of removal); *Cf. Etchu-Njang v. Gonzales*, 403 F.3d 577, 585 (8th Cir. 2005) (noting that "discretionary relief such as an adjustment of status amounts to a 'power to dispense mercy,' and an alien can have no 'constitutionally protected liberty interest in such speculative relief'" (citation omitted)).  However, even if she has such an interest, she has failed to show prejudice.  *See Wilson v. Ashcroft*, 350 F.3d 377, 381 (3d Cir. 2003) (holding that there is no due process violation in the absence of prejudice).  The testimony that Andrickson suggests she might have provided—for example, that J.P. Morgan Chase was insured by the Federal Deposit Insurance Corporation and therefore suffered no loss—would not have warranted a conclusion that the loss amount was less than $10,000.

\*   \*   \*   \*   \*

For these reasons, the petition for review is denied.