**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0008n.06

No. 13-3657

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JAIME AMBROSIO-HUAROCO, | ) | |
| | ) | |
| Petitioner, | ) | ON PETITION FOR REVIEW |
| | ) | FROM THE UNITED STATES |
| v. | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| ERIC H. HOLDER, JR., Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |

BEFORE:  COLE and GRIFFIN, Circuit Judges; PEARSON, District Judge.[*]

PER CURIAM.  Jaime Ambrosio-Huaroco, a Mexican citizen, petitions through counsel for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal of an immigration judge's (IJ) decision denying his application for cancellation of removal pursuant to 8 U.S.C. § 1229b(a).

Ambrosio-Huaroco was born in Mexico in 1972, and entered this country in 1988 with his family.  He became a permanent resident in 1990 as an agricultural worker.  He has four United States citizen children.  In 2005, he entered a guilty plea to a charge of domestic violence and was therefore placed in removal proceedings.  He applied for cancellation of removal under § 1229b(a), which is available at the discretion of the Attorney General to aliens who have been lawful permanent residents for five years, have seven years of continuous residence in this country, and have not been convicted of an aggravated felony.  After holding a hearing and

---

[*] The Honorable Benita Y. Pearson, United States District Judge for the Northern District of Ohio, sitting by designation.

considering the evidence presented, the IJ found that Ambrosio-Huaroco was eligible for cancellation but did not merit discretionary relief, relying on his criminal history of four convictions of driving under the influence, a police report regarding another incidence of domestic violence, numerous convictions for driving on a suspended license, and evidence that he continued to drive without a license and to drink, despite his assurances that he had been rehabilitated/remained sober. The BIA agreed with the IJ's decision and dismissed the appeal.

In his brief before this court, Ambrosio-Huaroco argues that the IJ and BIA did not follow their own precedent in assigning weight to his criminal history and police reports, and therefore denied him due process.

We have jurisdiction to review only legal and constitutional issues raised in a petition for review of an order denying cancellation of removal. *Ettienne v. Holder*, 659 F.3d 513, 517–18 (6th Cir. 2011). Although Ambrosio-Huaroco argues that whether the BIA adhered to its own precedent is a question of law reviewable by this court, *see id.*, we owe deference to the BIA's reasonable interpretation and application of its precedent. *Aburto-Rocha v. Mukasey*, 535 F.3d 500, 503 (6th Cir. 2008). The type of review that Ambrosio-Huaroco would have us perform here is a second-guessing of the weight assigned to the relevant factors, which we lack jurisdiction to do. *See Ettienne*, 659 F.3d at 518. Ambrosio-Huaroco has not demonstrated that the IJ or BIA considered his criminal history in a manner that legal precedent does not permit.

Ambrosio-Huaroco's attempt to raise a due process issue is also unavailing, because the denial of discretionary relief is not a deprivation of a liberty interest and, therefore, does not implicate due process. *See Arambula-Medina v. Holder*, 572 F.3d 824, 828 (10th Cir. 2009); *Ali v. Ashcroft*, 366 F.3d 407, 412 (6th Cir. 2004).

Accordingly, we dismiss the petition for review for lack of jurisdiction.