**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

HUGO ANTONIO ROMERO,

    Petitioner,

v.

WILLIAM P. BARR, United States
Attorney General,

    Respondent.

No. 19-9527
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Hugo Romero, a native and citizen of El Salvador, seeks review of the Board

of Immigration Appeals' ("BIA") decision upholding the immigration judge's ("IJ")

denial of his application for cancellation of removal. We dismiss the petition for lack

of jurisdiction.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

## I

Romero was paroled into the United States in 2002 for the purpose of resuming Temporary Protected Status ("TPS"). In 2008, police responded to an incident between Romero and his partner, Juana Martinez. According to the police report, Martinez told them that Romero hit her in the face with his hand and the officers observed she had a swollen lip that appeared to have bled slightly. She also demonstrated how Romero slapped her face with the back of his hand. For his part, Romero told the officers that the incident was a "problema con mi[] familia," and demonstrated hitting Martinez with an open hand. When asked, in English, whether he struck Martinez, Romero said "Si," and repeated his previous demonstration of an open-handed blow. Romero was arrested and charged with two counts of domestic violence. He eventually pled guilty to disorderly conduct and the domestic violence charges were dismissed.

In 2009, Romero's TPS status was withdrawn, causing the Department of Homeland Security ("DHS") to charge Romero with removability. To support the charge, DHS submitted evidence regarding Romero's criminal history that included the 2008 police report. Romero admitted the charge and requested discretionary relief in the form of cancellation of removal under 8 U.S.C. § 1229b(b)(1). The IJ gave Romero a form with instructions to get fingerprinted and warned that failure to follow the instructions would result in denial of his application.

At the merits hearing in 2013, DHS informed the IJ that there were no results because Romero failed to submit himself for fingerprints until the previous day. The

IJ denied Romero's application because he failed to show good cause for not complying with the order for fingerprinting. Romero appealed. While the appeal was pending, the BIA published a decision holding that an IJ must specify the time for biometrics compliance. As a result, the BIA remanded Romero's case because the IJ had not given Romero a specific deadline for fingerprinting.

At the merits hearing on remand, Romero testified that he and Martinez have two children together; both were born in the United States. The children are healthy teenagers who attend public schools. Martinez does not work outside the home and Romero is the sole support of the family. At the hearing, Romero stated that if he had to return to El Salvador, the children would remain in the United States with their mother.

When asked by the IJ about the 2008 domestic violence incident, Romero said he did not know what happened, but went on to say it "was only an argument." Romero denied hitting or slapping Martinez. After the IJ reminded Romero what the police report said about Martinez's injuries and his prior admission that he slapped her, Romero testified that all he did was put his hand over Martinez's mouth because "she was saying bad words" to him, and his ring pinched her lip, which caused the swelling and bleeding.

The IJ denied cancellation of removal on the grounds that Romero lacked good moral character and his qualifying relatives would not suffer exceptional and extreme hardship if he were removed from the United States. Romero appealed to the BIA.

The BIA dismissed Romero's appeal. It concluded that: (1) the IJ's determination that Romero gave false testimony about the domestic violence incident was not clearly erroneous; (2) the IJ did not violate Romero's due process rights to a full and fair hearing when it considered the 2008 police report; and (3) Romero failed to show that his qualifying relatives would suffer hardship beyond the financial and emotional hardship typically associated with removal.

This petition for review followed.

## II

To establish eligibility for cancellation of removal, Romero bears the burden of showing that, among other things, he was a person of good moral character during the required ten years of continuous presence in the United States. 8 U.S.C. § 1229b(b)(1). The good moral character requirement is at issue in this case. The IJ decided that Romero lacked good moral character because he had provided false testimony concerning the 2008 domestic violence incident at the cancellation of removal hearing "for the purpose of obtaining [] immigration benefits." See 8 U.S.C. § 1101(f)(6).

Romero raises two arguments on appeal which focus solely on the IJ's finding that Romero lacked good moral character under § 1229b(b)(1)(B). He argues that: (1) the evidence was insufficient to establish that he gave false testimony because it was based, in part, on hearsay in the 2008 police report; and (2) the IJ violated his due process rights by relying on the same hearsay to determine that he gave false testimony. Romero does

4

not challenge the hardship finding—a separate and independent basis for the IJ's denial of cancellation of removal in this case.[1]

Our first task is to determine our jurisdiction. We lack "jurisdiction to review . . . any judgment regarding [cancellation of removal] under section . . . 1229b." 8 U.S.C. § 1252(a)(2)(B)(i). The term "judgment" refers to the "discretionary aspects of a decision concerning cancellation of removal, and . . . includes any underlying factual determinations, as well as the determination of whether the petitioner's removal from the United States would result in exceptional and extremely unusual hardship to a qualifying relative." Arambula-Medina v. Holder, 572 F.3d 824, 828 (10th Cir. 2009) (citations and quotation omitted). We do have jurisdiction, however, to review constitutional claims and questions of law. Id. But because Romero's arguments do not fall within either area, we lack jurisdiction to review his appeal.

When Romero contends that the evidence was insufficient to establish that he gave false testimony, he seeks our review of the IJ's factual determination on this issue. Underlying factual determinations in proceedings for cancellation of removal are beyond our review. See id. at 828. The basis for the IJ's determination was his evaluation of Romero's testimony, review of the 2008 police report, and consideration of Romero's changing story during the hearing. Romero's attempts to recast this argument as a question of law are unconvincing and he cites no authority requiring the IJ to discount

---

[1] Even if Romero had raised this issue, we lack jurisdiction to review the determination of whether the petitioner's removal from the United States would result in exceptional and extremely unusual hardship to a qualifying relative. See Arambula-Medina v. Holder, 572 F.3d 824, 828 (10th Cir. 2009).

5

hearsay in its determinations. All that remains is a fundamental disagreement with the IJ's credibility determination—a quintessential factual determination.

Romero has not raised a constitutional claim that would grant us jurisdiction. To establish a due process claim, the "claimant must have a liberty or property interest in the outcome of the proceedings." Id. A petitioner in immigration proceedings "has no liberty or property interest in obtaining purely discretionary relief." Id. Because cancellation of removal is a form of discretionary relief, "the only protections afforded are the minimal procedural due process rights for an opportunity to be heard at a meaningful time and in a meaningful manner." Id. Romero's claim that his due process rights were violated by the use of hearsay in the cancellation of removal hearing does not establish such a deprivation. Hearsay evidence is admissible in immigration proceedings if it is probative and its use is fundamentally fair. See Bauge v. INS, 7 F.3d 1540, 1543 (10th Cir. 1993). We conclude that the IJ's use of the report satisfies both requirements.

Attempting to circumvent the jurisdictional bar, Romero characterizes his claim as a constitutional error amenable to our review. Yet he does not allege that he was denied an opportunity to present his case before an unbiased IJ or that the IJ misinterpreted § 1229b. To the contrary, Romero was provided the police report in advance of the hearing and had ample opportunity to explain the inconsistencies between the report and his testimony before the IJ. His attempt to constitutionalize his claims is unavailing. Without constitutional or legal issues, his claims challenging the IJ's discretionary findings and credibility determination lie beyond the narrow category of issues we may review.

6

## III

This petition for review is **DISMISSED** for lack of jurisdiction.

Entered for the Court

Carlos F. Lucero
Circuit Judge