FILED
United States Court of Appeals
Tenth Circuit

December 14, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JOSE LUIS
MAGALLON-ALMANZA,

      Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

      Respondent.

No. 11-9514
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and
**MATHESON**, Circuit Judge.

---

Petitioner Jose Luis Magallon-Almanza, a native of Mexico, seeks review

of the decision of the Board of Immigration Appeals (BIA) affirming the

immigration judge's (IJ's) order of removal.  In the proceedings before the IJ,

petitioner conceded he was removable, but sought a cancellation of removal under

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

8 U.S.C. § 1229b(b)(1). To be eligible for this discretionary relief, petitioner had to meet four separate requirements, including that he is a person of good moral character and that his removal "would result in exceptional and extremely unusual hardship to [his] spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." *Id*. The IJ found petitioner did not meet either of these requirements and therefore denied petitioner relief and ordered him removed to Mexico.

Petitioner appealed to the BIA, raising challenges to both the moral character and the hardship determinations. The BIA examined the evidence of hardship to petitioner's United States citizen children and agreed with the IJ that petitioner did not establish they would suffer exceptional and extremely unusual hardship if he were removed to Mexico. The BIA also summarily rejected petitioner's argument that the IJ applied the wrong legal standards in analyzing his evidence of hardship. Because petitioner's failure to establish the requisite hardship made him ineligible for relief under § 1229b(b)(1), the BIA declined to address his arguments relating to his good moral character and affirmed the IJ's order of removal.

We do not have jurisdiction to review the discretionary aspects of a decision concerning cancellation of removal, including whether petitioner's removal from the United States would result in exceptional and extremely unusual hardship to his citizen children. *See Arambula-Medina v. Holder*, 572 F.3d 824,

828 (10th Cir. 2009). We do, however, have jurisdiction to review constitutional claims and questions of law, *see id.*, and petitioner has framed his three challenges to the order of removal in those terms.

Petitioner first contends the IJ applied the wrong legal standard in assessing his hardship claim by considering the harm to petitioner himself rather than the harm to his citizen children. Our review of the IJ's decision shows no support for petitioner's argument. The IJ not only recited the correct legal standard several times, but he discussed at length the evidence directly related to the effect of petitioner's removal on his children, whether they stayed in the United States or returned with him to Mexico, *see* Admin. R. at 431-33.

The IJ did consider other factors that related to petitioner himself–such as his prior immigration history, the young age at which he entered the United States, his family ties to the United States and to Mexico, his ability to find work in Mexico, and his access to assets he could use either to facilitate the transition to Mexico or to assist his family if they remained behind–but the IJ's consideration of these additional factors was not improper. The BIA has held that "[i]n addition to the hardship of the United States citizen children, factors that relate only to the [petitioner] may also be considered to the extent they affect the potential level of hardship to [his] qualifying relatives." *In re Gonzalez-Recinas*, 23 I.&N. Dec. 467, 471 (BIA 2002). And when, as here, a family is (effectively)

headed by a single parent,[1] "the hardship of their parent inherently translates into hardship on the rest of the family." *Id*. at 472. The IJ did not err in considering factors relating to petitioner himself in addition to those relating directly to his children.

Petitioner also contends the IJ denied him due process by excluding the testimony of five proposed witnesses who would have testified to his good moral character. "To prevail on a due process claim, an alien must establish not only error, but prejudice." *Alzainati v. Holder*, 568 F.3d 844, 851 (10th Cir. 2009). Petitioner cannot establish prejudice from the exclusion of these witnesses because the IJ's determination that petitioner failed to establish the requisite hardship to his citizen children makes him ineligible for relief regardless of his good moral character.

Petitioner attempts to surmount this obstacle by arguing that the IJ's exclusion of the witnesses "eviscerated the fundamental fairness of the removal proceeding." Pet'r. Br. at 23. He contends that had the witnesses been able to testify and establish his good moral character, it could have affected the IJ's assessment of how credible were petitioner's claims that he could not obtain adequate medical care for two of his children in Mexico, which would cause them extreme hardship. But the IJ did not doubt petitioner's credibility. *See* Admin.

---

[1]     The children's mother, whom petitioner describes as his common law wife, does not work and is herself subject to removal.

R. at 426. To the contrary, the IJ found petitioner was both "candid and direct" and "he made an earnest effort as best he could to answer the questions in a forthright way." *Id.* The IJ's exclusion of the testimony did not give rise to a due process violation.

Finally, petitioner argues the BIA denied him due process by failing to address all his arguments on appeal. Specifically, the BIA did not address petitioner's arguments relating to the IJ's assessment of his good moral character, and it rejected in a single sentence petitioner's contention that the IJ applied the wrong legal standard in assessing the hardship to his children. Neither of these gives rise to a colorable due process claim. Petitioner cites no authority to support the contention that due process requires the BIA to address challenges to every ground upon which an IJ has denied relief, even when a single ground is dispositive. And the BIA's summary rejection of petitioner's challenge to the legal standards employed by the IJ, especially given the clear lack of merit, was sufficient for purposes of due process. *See Alzainati*, 568 F.3d at 851 (noting that quarrel about level of detail in BIA decision does not present due process claim).

We therefore affirm the decision of the BIA.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

-5-