FILED
United States Court of Appeals
Tenth Circuit

April 22, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MARGARET WANJIKU,

      Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

      Respondent.

No. 13-9585
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **PORFILIO**, Senior Circuit Judge, and **O'BRIEN**, Circuit Judge.

Margaret Wanjiku, proceeding pro se on appeal, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ) decision to deny her application for cancellation of removal. Wanjiku also seeks to proceed on appeal in forma pauperis (IFP). We deny her IFP request and dismiss the petition for lack of jurisdiction.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**I.    Background**

Wanjiku is a native of Kenya who entered the United States in February of 1999 as a nonimmigrant visitor. She was authorized to stay for three months, but she did not depart. In April of 2009, the Department of Homeland Security placed her in removal proceedings because she had overstayed her visitor's visa and had violated the terms of the visa by accepting employment in the United States. Wanjiku conceded removability but applied for cancellation of removal based on exceptional and extremely unusual hardship to her two children if she were removed to Kenya. Her children are United States citizens: Gitonga, born in 2002, and Ridge, born in 2010.

The IJ held a hearing at which Wanjiku testified concerning her application. Also testifying were a character witness and Wanjiku's cousin, who testified in support of her character and also about the dangers to children in Kenya. At the conclusion of the hearing, the IJ denied cancellation of removal. He found Wanjiku had failed to show good moral character and exceptional and extremely unusual hardship to her United-States-citizen children. Wanjiku appealed to the BIA, which affirmed the IJ's order, concluding she had failed to demonstrate the requisite exceptional and extremely unusual hardship if she were removed to Kenya.

## II.     Cancellation of Removal

An alien may receive cancellation of removal if she:

(A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;

(B) has been a person of good moral character during such period;

(C) has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3) of this title [except in a case described in section 1227(a)(7) of this title where the Attorney General exercises discretion to grant a waiver]; and

(D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

8 U.S.C. § 1229b(b)(1).

The BIA determined Wanjiku failed to establish the "exceptional and extremely unusual hardship" required under the statute; the BIA did not address whether she had good moral character. Under 8 U.S.C. § 1252(a)(2)(B)(i), this court lacks jurisdiction to review the BIA's discretionary finding of an alien's "fail[ure] to demonstrate that removal would cause exceptional and extremely unusual hardship." *Sabido Valdivia v. Gonzales*, 423 F.3d 1144, 1148 (10th Cir. 2005) (internal quotation marks omitted). Consequently, this court may not review the BIA's discretionary hardship decision.

This court does, however, have jurisdiction to review "constitutional claims or questions of law" presented in a petition for review. 8 U.S.C. § 1252(a)(2)(D). To

obtain review of the BIA's denial of her application for cancellation of removal, Wanjiku must present a "*substantial* constitutional issue" for our review. *Alvarez-Delmuro v. Ashcroft*, 360 F.3d 1254, 1256 (10th Cir. 2004) (internal quotation marks omitted). In an attempt to circumvent the jurisdictional bar of § 1252(a)(2)(B)(i), Wanjiku first argues the BIA adopted a vague legal standard for extreme and unusual hardship. She has provided no argument to support this claim, however, so it is waived. *See Fuerschbach v. Southwest Airlines Co.*, 439 F.3d 1197, 1209-10 (10th Cir. 2006) (stating issues not supported in the opening brief by argument, legal authority, and record citations are waived). And her pro se status on appeal does not preclude application of the waiver doctrine. *Cf. Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (stating allowances are made for pro se litigant's filings, but pro se litigant must follow "the same rules of procedure that govern other litigants" (internal quotation marks omitted)).

Wanjiku also contends the BIA violated her due-process rights by failing to follow its own precedential decisions and by failing to assess correctly the dangerous conditions in Kenya noted in the 2012 United States Department of State Human Rights Report for Kenya (Country Report).[1] This argument is merely a disagreement

---

[1] Wanjiku also faults the BIA for denying her claim based on the Country Report, rather than remanding to the IJ for him to evaluate whether the report warranted relief. She asserts the BIA lacked the authority to consider the report in the first instance. On the contrary, by regulation the BIA is authorized to review de novo discretionary decisions and take "administrative notice of commonly known

(continued)

- 4 -

with the agency's adverse finding on her attempt to demonstrate exceptional and extremely unusual hardship. She asserts if the agency had correctly evaluated the evidence, it would have granted her application for cancellation of removal. This does not state a due-process claim. "In order to make out a claim for a violation of due process, a claimant must have a liberty or property interest in the outcome of the proceedings. But in immigration proceedings, a petitioner has no liberty or property interest in obtaining purely discretionary relief." *Arambula-Medina v. Holder*, 572 F.3d 824, 828 (10th Cir. 2009) (citation and internal quotation marks omitted). Aliens are entitled only to "the minimal procedural due process rights [of] an opportunity to be heard at a meaningful time and in a meaningful manner." *Id.* (internal quotation marks omitted). Wanjiku "has not argued that [she] was deprived of these minimal procedural safeguards. Thus, [she] has not asserted a non-frivolous constitutional claim sufficient to give [this court] jurisdiction." *Salgado-Toribio v. Holder*, 713 F.3d 1267, 1271 (10th Cir. 2013).

### III.  IFP Motion

Wanjiku has moved for leave to proceed on appeal without payment of costs or fees. "In order to succeed on [her] motion, an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal."

---

facts such as current events or the contents of official documents."  8 C.F.R. § 1003.1(d)(3)(ii), (iv).

- 5 -

*DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).  Wanjiku has not made the required showing of financial inability to pay, so we do not address whether her appeal is frivolous.  Although Wanjiku's IFP motion filed with this court states her monthly income as $1,000 and her assets as only $300, the administrative record contains contrary financial information.  She submitted her tax returns for several years, all showing substantial income.  For tax year 2009, the most recent tax return submitted, Wanjiku's income was more than $36,000.  Part of her income was investment income.  At her administrative hearing, she testified she had held the same job for several years.  The IJ found she was paid over $40,000 a year and had assets of $20,000.  Wanjiku has not made the required showing of a financial inability to pay the required filing fees.

**IV.    Conclusion**

Wanjiku's IFP motion is denied; she is directed to pay the appellate filing fee in full.  The petition for review is dismissed for lack of jurisdiction.

Entered for the Court


Terrence L. O'Brien
Circuit Judge