[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12249
Non-Argument Calendar

_____

Agency No. A029-389-841

RAUL JESUS ALONSO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 26, 2020)

Before ED CARNES, Chief Judge, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Raul Jesus Alonso, a native and citizen of Cuba, petitions for review of the Board of Immigration Appeals' denial of his statutory motion to reopen proceedings and refusal to exercise its authority to sua sponte reopen proceedings.

## I.

In 1991 Alonso entered the United States. His status was adjusted to lawful permanent resident on November 25, 1992. In 1994 he hit and killed a woman with his car in Florida while he was under the influence of alcohol. As a result, he was convicted of "Driving Under the Influence/Manslaughter" under Fla. Stat. § 316.193(3)(c)(3), and he was sentenced to more than one year in prison.

In September 1997, while in prison, he was charged in a Notice to Appear with being removable under 8 U.S.C. § 1227(a)(2)(A)(iii), for having been convicted of Driving Under the Influence/Manslaughter, a crime that qualified as an aggravated felony under the Immigration and Nationality Act because it was a "crime of violence" under 18 U.S.C. § 16.[1] The Notice to Appear did not have a

---

[1] "The Immigration and Nationality Act (INA) renders deportable any alien convicted of an 'aggravated felony' after entering the United States. 8 U.S.C. § 1227(a)(2)(A)(iii)." Sessions v. Dimaya, 138 S. Ct. 1204, 1210 (2018). Among other things, "an aggravated felony includes 'a crime of violence (as defined in section 16 of title 18 ...) for which the term of imprisonment [is] at least one year.'" Id. (quoting 8 U.S.C. § 1101(a)(43)(F)). And 18 U.S.C. § 16 defines a "crime of violence" as either "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another," id. § 16(a) (known as the elements clause) or "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," id. § 16(b) (known as the residual clause).

date or time for the hearing.  In October 1997 he received a separate notice

informing him of a November 5, 1997 hearing.

At the November 5 hearing, Alonso denied having received the Notice to

Appear, so the Immigration Judge responded, "[Y]ou now have one in front of

you.  Please consider yourself served with it."  The IJ gave him a list of Legal Aid

attorneys and continued the hearing until December 18.  Another notice of hearing

was sent on November 12 for the December 18 hearing.  At the December hearing,

the IJ found that Alonso was not engaged in diligent efforts to find an attorney and

proceeded with the case.  The IJ ordered Alonso removed in December 1997.  He

did not appeal that decision.

But Alonso was not removed.  He was instead released from prison in 2000

and continued to reside in the United States afterwards.  In November 2004 the

Supreme Court held in Leocal v. Ashcroft that "DUI statutes such as Florida's" are

not crimes of violence under 18 U.S.C. § 16 and therefore are not aggravated

felonies under the INA.  543 U.S. 1, 13 (2004).  So, as of November 2004,

Alonso's conviction was no longer an aggravated felony under the INA, meaning

that the basis for the 1997 removal order was no longer legally correct.  In 2005

Alonso was diagnosed with schizophrenia-related disorders.

In July 2018, Alonso, represented by counsel, filed a statutory motion to

reopen and to terminate his removal proceedings.  In the alternative, he asked that

3

the IJ reopen or reconsider the proceedings sua sponte.  He argued that there had been new factual and legal developments since December 1997.  Among other things, he contended that: (1) the IJ lacked jurisdiction to order him removed under Pereira v. Sessions, 138 S. Ct. 2105 (2018), because of defects in his Notice to Appear; and (2) his underlying manslaughter conviction was not a removable offense under Leocal, 543 U.S. 1, and Sessions v. Dimaya, 138 S. Ct. 1204 (2018) (holding that residual clause definition of "crime of violence" under 18 U.S.C. § 16, as incorporated into the INA, is unconstitutionally vague).  He also argued that the IJ should equitably toll his statutory motion to the extent it was untimely because he was released from prison in 2000 and had since been diagnosed with schizophrenia.  And he argued that he could not have filed his motions sooner because the Supreme Court had only recently decided Dimaya and Pereira.

The IJ denied Alonso's motions.  The IJ first noted that his statutory motion to reopen was untimely by two decades and then declined to equitably toll the statute of limitations.  The IJ found that the law defining aggravated felonies under the INA changed in 2004 when Leocal was decided, and Alonso offered no persuasive reason why he did not file a motion to reopen in 2004 or 2005.  The IJ also ruled that Alonso did not establish that his mental illness prevented him from understanding the 1997 removal proceedings or from filing his motion to reopen earlier.  The IJ also refused to sua sponte reopen the proceedings because Alonso

4

did not establish exceptional circumstances.  And the IJ rejected Alonso's lack-of-jurisdiction contention.

Alonso appealed the IJ's denial of his motion to reopen to the Board.  The Board rejected his arguments and dismissed his appeal.  It agreed with the IJ that his motion to reopen was untimely and that equitable tolling was not warranted.  It also agreed with the IJ's conclusion that any procedural errors in the issuance or service of the Notice to Appear did not deprive the IJ of jurisdiction in 1997 and are not a basis for reopening the proceedings.  And the Board affirmed the IJ's determination not to reopen the proceedings sua sponte.

## II.

We review the Board's decision, unless and to the extent it expressly adopted the IJ's decision, in which case we review the IJ's decision directly. Perez-Zenteno v. U.S. Att'y Gen., 913 F.3d 1301, 1306 (11th Cir. 2019).  Where the Board agrees with the IJ's decision and then adds its own observations, we review the decisions of both the Board and the IJ.  Id.

This Court reviews de novo questions of subject matter jurisdiction, Butka v. U.S. Att'y Gen., 827 F.3d 1278, 1282 n.1 (11th Cir. 2016), and issues of law, Perez-Sanchez v. U.S. Att'y Gen., 935 F.3d 1148, 1152 (11th Cir. 2019).  We review factual determinations under the substantial evidence standard; "reversal is

warranted only if the evidence compels a reasonable fact finder to find otherwise."

Id. (quotation marks omitted).

This Court reviews the denial of a motion to reopen removal proceedings for

an abuse of discretion. See Zhang v. U.S. Att'y Gen., 572 F.3d 1316, 1319 (11th

Cir. 2009). "This review is limited to determining whether the [Board] exercised

its discretion in an arbitrary or capricious manner." Id. "The moving party bears a

heavy burden, as motions to reopen are disfavored, especially in removal

proceedings." Id. (internal citation omitted).

### III.

We first address whether the Board abused its discretion when it denied

Alonso's statutory motion to reopen as time-barred after determining that equitable

tolling was not warranted. Second, we address the Board's decision not to reopen

its proceedings sua sponte.[2]

---

[2] Alonso's contention that the IJ lacked jurisdiction in 1997 because of defects in the Notice to Appear is without merit, and we do not need to discuss it in depth. Defects in a Notice to Appear do "not deprive the [Department of Homeland Security] of jurisdiction over . . . removal proceedings." Perez-Sanchez v. U.S. Att'y Gen., 935 F.3d 1148, 1150 (9th Cir. 2019) (concluding Pereira, 138 S. Ct. 2015, did not mean a defective Notice to Appear deprived the DHS of jurisdiction). So the IJ had jurisdiction. See id.

To the extent Alonso argues that defects in the Notice to Appear violated his procedural due process rights, the Board and IJ did not abuse their discretion in holding that a motion to reopen was not warranted because he did not suffer any prejudice from the alleged defects. He had notice of the November and December 1997 hearings and attended them both, the IJ served him with a Notice to Appear in November, and the IJ continued the proceedings for a month to give him time to find a lawyer. The Board was not required to reopen the proceedings given the lack of prejudice. See Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1333 (11th Cir. 2003).

A.

Alonso contends that the Board abused its discretion in denying as untimely his statutory motion to reopen. He concedes he did not meet the statutory 90-day deadline, see 8 U.S.C. § 1229a(c)(7)(C), but argues that equitable tolling applied to his motion because he engaged in diligent efforts by moving to reopen within 90 days of Dimaya and Pereira. See Ruiz-Turcios v. U.S. Att'y Gen., 717 F.3d 847, 851 (11th Cir. 2013) ("[E]quitable tolling generally requires a litigant to show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way.") (quotation marks omitted).

The Board did not abuse its discretion in affirming the IJ's determination that equitable tolling was not warranted. It reasonably concluded that Alonso was not diligent in pursuing his rights because he had waited nearly 13 years after Leocal to challenge his removability. Alonso did not offer any compelling reason why he could not have filed his motion to reopen sooner. He failed to offer evidence showing that his alleged mental health issues were an extraordinary circumstance that prevented him from consulting with an attorney between 2004 and 2018.[3] And it is irrelevant that he filed his motion within 90 days of Dimaya

---

[3] The only medical documentation Alonso provided in connection with his motion was a three-sentence letter from a doctor, written in 2015, saying he had been treated by the doctors since May 2005 and had several mental health conditions. It said nothing about how he functioned on or off medicine or what conditions he had on or before May 2005.

because <u>Leocal</u> clearly changed the law, making his underlying conviction no longer an aggravated felony for removal purposes.  Because Alonso failed to show that he was diligently pursuing his rights and that some extraordinary circumstance stood in his way, the Board did not exercise "its discretion in an arbitrary or capricious manner" in denying his motion.  <u>Zhang</u>, 572 F.3d at 1319.[4]

B.

Alonso also argues that the Board abused its discretion by not exercising its sua sponte authority to reopen proceedings.  First, he suggests that the Board's decision was not based on "reasoned consideration" of his arguments.  Second, he asserts that the Board was required to exercise its discretionary authority because not reopening the proceedings in light of <u>Leocal</u> would violate Alonso's Fifth Amendment procedural due process rights by depriving him of his liberty interest in remaining in the United States.  He asserts that granting sua sponte relief is required under the Fifth Amendment even if "the typical requirements of equitable tolling are not satisfied."

Unlike a statutory motion to reopen, where we can review nondiscretionary grounds cited by the Board in its decision, "we lack jurisdiction to review a

---

[4] Alonso also asserted that he was incompetent during the 1997 removal proceedings because of his alleged mental illness and therefore should receive the benefit of equitable tolling. But substantial evidence supports the Board's conclusion that Alonso did not establish that he was incompetent during the removal proceedings in 1997.

8

decision of the [Board] not to exercise its power to reopen a case <u>sua</u> <u>sponte</u>."

<u>Bing Quan Lin v. U.S. Att'y Gen.</u>, 881 F.3d 860, 871 (11th Cir. 2018).  That is

because reopening a case sua sponte is a decision committed to agency discretion

by law and there is "no standard to govern the [Board]'s exercise of its discretion."

<u>Lenis v. U.S. Att'y Gen.</u>, 525 F.3d 1291, 1293–94 (11th Cir. 2008).  However, "we

may retain jurisdiction where constitutional claims are raised relating to the

[Board]'s refusal to reopen <u>sua</u> <u>sponte</u>."  <u>Bing Quan Lin</u>, 881 F.3d at 871.

We lack jurisdiction to consider Alonso's argument that the Board's

decision not to sua sponte reopen proceedings was not based on "reasoned

consideration," because that standard of review is derived from 8 U.S.C.

§ 1252(b)(1) (detailing scope and standard for review by the Court of Appeals), not

the U.S. Constitution.[5]

---

[5] As noted, it is unclear whether this Court has jurisdiction to review and overturn a purely discretionary decision of the Board, such as declining to reopen proceedings sua sponte, if that decision is based on a ground that violates the Constitution.  <u>See</u> <u>Lenis</u>, 525 F.3d at 1294 n.7.  Alonso suggests that the Equal Protection clause or another part of the Constitution requires that a discretionary decision be based on reasoned consideration, instead of being arbitrary or irrational.  But even if such a constitutional requirement exists and we have jurisdiction to review his argument, the Board satisfied that requirement by providing a reasoned decision.

A Board's decision is reasoned if it is "is based on 'reasoned consideration' and shows that the [Board] has 'made adequate findings' to support" its decision.  <u>Bing Quan Lin</u>, 881 F.3d at 872.  Despite Alonso's argument to the contrary, the Board did provide a reasoned basis for its decision: Alonso's unreasonable thirteen-year delay in filing his motion to reopen.  That delay is a "reasonable ground" for the Board to rely on in declining to exercise its discretionary power to reopen Alonso's proceedings.  <u>See</u> <u>id.</u> at 875.  And that ground is supported by adequate findings: (1) Alonso could have brought his motion in 2004 after <u>Leocal</u> came out but waited until 2018; and (2) he offered no material evidence supporting his argument that his mental

Alonso's procedural due process argument fails too, even if we have jurisdiction to review it.  A procedural due process claim "must assert a deprivation of a constitutionally protected liberty or property interest."  Id. at 868–89.  And "there is no constitutionally protected interest in purely discretionary forms of relief," which include "motions to reopen and adjustment of status."  Id. at 869 (quotation marks omitted).  Alonso attempts to evade that clear precedent by asserting that his protected liberty interest is his right to remain in the United States.  But he has no right to remain in the United States at all because he was ordered removed after receiving all the process he was due.  See Arambula-Medina v. Holder, 572 F.3d 824, 829 (10th Cir. 2009) (concluding that the only protections afforded an alien seeking to remain in the United States "are the minimal procedural due process rights for an opportunity to be heard at a meaningful time and in a meaningful manner").  The same is true for many kinds of discretionary relief that could impact life or liberty; prisoners "do not have a liberty interest in traditional state executive clemency" even though obtaining the discretionary relief would free them, because they are not entitled to such relief as a matter of law. See Dist. Att'ys Office for Third Jud. Distr. v. Osborne, 557 U.S. 52, 67–68 (2009).  The Fifth Amendment therefore does not require the Board to grant

---

health prevented him from filing before 2018.  For those reasons, the Board's decision was based on a reasoned consideration of Alonso's arguments and was not arbitrary or irrational.

10

Alonso relief because he has no protected liberty interest in a motion to reopen.

See Bing Quan Lin, 881 F.3d at 869.

**PETITION DENIED.**